**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HAGEO MAS CHOX**, <br><br> Petitioner, <br><br> *v.* <br><br> **J.L. JAMISON**, *in his official capacity as Warden, Federal Detention Center, Philadelphia*, et al., <br><br> Respondents. | **CIVIL ACTION** <br><br><br> **NO. 26-2746-KSM** |

## ORDER

**AND NOW**, this 28th day of April, 2026, upon consideration of Petitioner Hageo Mas Chox's Petition for Writ of Habeas Corpus (Doc. No. 1), the Court finds as follows:

1.      Petitioner, a noncitizen, entered the United States without inspection "on or about 2015," but has had no contact with agents of the U.S. Department of Homeland Security ("DHS") or U.S. Immigration and Customs Enforcement ("ICE") for the subsequent *11 years* and up until the incident in question in the instant action.  (*Id.* at 1–2.)

2.      On April 24, 2026, Petitioner was detained by DHS and ICE "while on his way to work" (*id.* at 2) pursuant to a July 8, 2025 DHS policy instructing all ICE employees to consider anyone, like Petitioner, who is inadmissible under Section 1182(a)(6)(A)(i) of the Immigration and Nationality Act of 1952 ("INA") subject to detention without eligibility for bond, regardless of whether they are attempting to enter the country or have been present here for years.  (*Id.* at 2–3); *see also* ICE, Interim Guidance Regarding Detention Authority for Applicants for Admission (July 8, 2025), https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last accessed April 16, 2026).  Petitioner is currently

detained at the Federal Detention Center in Philadelphia, Pennsylvania. (Doc. No. 1 at 2.)

3. On April 26, 2026, Petitioner filed the instant Petition, in which he argues that habeas relief is warranted because his continued detention is in violation of the INA, the Administrative Procedure Act ("APA"), and the Due Process Clause of the Fifth Amendment. (*Id.* at 11–15.) The Government[1] opposes[2] the Petition, arguing that the Court should deny habeas relief because: (1) the Court lacks jurisdiction to intervene in Petitioner's removal proceedings; (2) Petitioner has not exhausted administrative remedies; (3) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (4) his detention does not offend due process. (*See* Doc. No. 4.) For the reasons discussed below, these arguments fail. And this Court *again* joins the hundreds of other courts that have found DHS's mandatory detention policy violates the INA and the Due Process Clause of the Fifth Amendment in the context presented here.[3]

4. First, the Court has jurisdiction to consider the merits of the Petition. As relevant here, 28 U.S.C. § 2241 authorizes federal district courts to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(c). And although the INA limits the Court's jurisdiction over certain immigration matters, none of the provisions identified by the Government—8 U.S.C. § 1252(a), (b)(9), and

---

[1] Petitioner names four government officials and two government agencies as respondents: (1) J.L. Jamison, Warden of the Federal Detention Center; (2) John E. Rife, Acting Field Office Director of ICE's Philadelphia Field Office; (3) Markwayne Mullin, Secretary of DHS; (4) Todd Blanche, Acting United States Attorney General; (5) the DHS; and (6) the Executive Office of Immigration Review (collectively, the "Government"). (Doc. No. 1 at 3–4.)

[2] In lieu of a comprehensive response to the Petition, the Government has filed a letter brief stating "this matter does not materially differ from those previously considered by the Court" and it is "most similar to *Gramajo de Leon v. J.L. Jamison et al.*, No. 25-7199-KSM." (Doc. No. 4 at 1.) As such, this Order describes and discusses the Government's arguments that have been put forth in four recent cases before this Court. *See Rodrigues Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025); *Hussain v. O'Neill*, No. 26-cv-35, 2026 WL 66891 (E.D. Pa. Jan. 8, 2026); *Kourouma v. Jamison*, 26-cv-182, 2026 WL 120208 (E.D. Pa. Jan. 15, 2026).

[3] Because the Court finds that Petitioner's detention violates the INA and the Fifth Amendment, the Court need not decide whether it also violates the APA.

(g)—strip the Court of jurisdiction in this case. (*See* Doc. No. 4.) Section 1252(a)[4] does not strip the Court of jurisdiction because Petitioner is not challenging a *discretionary* decision. *See, e.g.*, *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4 (E.D. Pa. Nov. 14, 2025) (citing *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025). Section 1252(b)(9)[5] does not strip the Court of jurisdiction because the question before the Court—whether a bond hearing is required prior to detention—is "collateral to the removal process." *Cantu-Cortes*, 2025 WL 3171639, at *1; *see also, e.g.*, *Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018) (plurality); *E.O.H.C. v. Secretary, U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 185–86 (3d Cir. 2020); *Khalil v. President*, 164 F.4th 259, 278 (3d Cir. 2026) (explaining that the plurality's "reading defines the proper scope of

---

[4] Section 1252(a)(2)(B)(ii) states that "[n]otwithstanding any other provision of law . . . , including section 2241 of Title 28, or any other habeas corpus provision . . . , no court shall have jurisdiction to review . . . any . . . decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii).

[5] Section 1252(b)(9) provides that "no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision" to review "questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States," unless review is sought of a final order. 8 U.S.C. § 1252(b)(9).

Section 1252(b)(9)").[6]  And Section 1252(g)[7] does not strip the Court of jurisdiction because Petitioner is not challenging the Government's authority to *commence* or *adjudicate* his potential removal proceedings.  *See Reno v. Am.-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482 (1999); *see also, e.g.*, *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243, at *3 (E.D. Pa. Nov. 18, 2025); *Kashranov*, 2025 WL 3188399, at *3; *Cantu-Cortes*, 2025 WL 3171639, at *1.

5.    Second, Petitioner is not required to exhaust his administration remedies because exhaustion would be futile.  *See Lyons v. U.S. Marshals*, 840 F.3d 202, 205 (3d Cir. 1988).  On September 5, 2025, the Board of Immigration Appeals ("BIA"), the appellate body of the immigration courts, issued a precedential decision adopting a broad reading of 8 U.S.C. § 1225(b)(2) and holding that an immigration judge has no authority to consider a bond request from any individual who entered the United States without admission.  *See In re Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025).  Because immigration judges are bound by the BIA's holding in *Yajure Hurtado*—and therefore, *must* deny requests for bond hearings from detainees like

[6] The Third Circuit's opinion in *Khalil* does not change our conclusion.  Unlike the challenge to detention in *Khalil*, Petitioner's challenge here is not "inextricably linked" to his removal proceedings.  164 F.4th at 274.  Petitioner does not argue that his confinement is unlawful because the government's removal action is itself invalid.  *Cf. id.* at 277 ("Though Khalil also challenges his detention, his arguments against it are identical to his arguments against removal.").  Nor does Petitioner challenge the Government's broader authority to detain him pending a final decision on removal.  Instead, he challenges the Government's authority to detain him *without a bond hearing*.  This question is not "the very issue decided through the [petition for review ("PFR")] process," nor is it capable of review once the immigration courts issue a final order on removal.  *See id.* at 276 (distinguishing two cases that "challenged only the length of confinement without a bond hearing, a claim that does not get channeled into the PFR review process"); *cf. id.* ("Because the arguments Khalil has offered to challenge the detention necessarily challenge the government's decision to commence removal proceedings, the PFR court will be able to review those legal questions once the Board enters a final order of removal." (quotation marks omitted)).

[7] Section 1252(g) states that "notwithstanding any other provision of law . . . . , including section 2241 of Title 28, or any other habeas corpus provision . . . , no court shall have jurisdiction to hear any clause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

Petitioner—it would be futile for Petitioner to request a bond hearing before an immigration judge and appeal the inevitable denial to the BIA before seeking review in federal court. Accordingly, this Court joins the overwhelming number of courts who have waived the exhaustion requirement in identical circumstances. *See, e.g.*, *Demirel*, 2025 WL 3218243, at *4; *Kashranov*, 2025 WL 3188399, at *4; *Cantu-Cortes*, 2025 WL 3171639, at *1.

6.      Third, the Court finds that Petitioner is detained pursuant to 8 U.S.C. § 1226(a),[8] not § 1225(b)(2),[9] and therefore, the Government's refusal to provide a bond hearing violates the INA and due process. When an applicant for admission is apprehended after being present in the United States for years, like Petitioner here, they are not "actively 'seeking admission'" at the time of their arrest, so Section 1225(b)(2) does not govern their detention.[10] *Demirel*, 2025 WL

---

[8] Section 1226 authorizes the detention of noncitizens "pending a decision on whether the alien is to be removed from the United States." *Id.* § 1226(a). But unlike a noncitizen detained under Section 1225, a noncitizen detained under Section 1226 may be released while they await a decision on removal. *Id.* (granting the Attorney General discretion to either detain the noncitizen *or* to release the noncitizen on bond or conditional parole). Immigration authorities are tasked with the "initial custody determination, after which the noncitizen may request a bond hearing before an immigration judge." *Kashranov*, 2025 WL 3188399, at *1 (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)). "At the hearing, the noncitizen 'may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community.'" *Id.* (quoting *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019)). If released, the bond remains subject to revocation. *See* 8 U.S.C. § 1226(b) (providing that the Attorney General may "at any time revoke" the noncitizen's "bond or parole . . . , rearrest the alien under the original warrant, and detain" them).

[9] Section 1225 governs the inspection of "applicants for admission," a phrase broadly defined as any noncitizen who is "present in the United States who has not been admitted or who arrives in the United States." *See* 8 U.S.C. § 1225(a)(1), (b)(1), (b)(2). Section 1225(b) divides applicants into two categories. *Id.* § 1225(b). First, Section 1225(b)(1) provides for the inspection of aliens "arriving in the United States and certain other aliens who have not been admitted or paroled." *Id.* § 1225(b)(1). And Section 1225(b)(2) governs the "[i]nspection of other aliens," stating that "[i]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending a removal proceeding. *Id.* § 1225(b)(2)(A).

[10] This Court has previously held the Fifth Circuit's February opinion in *Buenrostro-Mendez v. Bondi* does not change the Court's interpretation of the relevant statutory language. 166 F.4th 494 (5th Cir. 2026); *see Vimos v. Federal Detention Center of Philadelphia,* No. 26-cv-780, 2026 WL 381173, at *5 n.12 (E.D. Pa. Feb. 11, 2026) (disagreeing with *Buenrostro-Mendez*). The Eighth Circuit's March opinion in *Avila v. Bondi*, 170 F. 4th 1128 (8th Cir. 2026), which heavily relies on the Fifth Circuit's analysis, *see id.* at 1133–34, also does not change the Court's view. As a preliminary matter, decisions of

3218243, at *4; *see also, e.g.*, *Kashranov*, 2025 WL 3188399, at *6; *Cantu-Cortes*, 2025 WL 3171639, at *2. Instead, their detention is governed by Section 1226, which "grants the Attorney General discretion to detain or release a noncitizen on bond while removal proceedings are pending." *Kashranov*, 2025 WL 3188399, at *5. Courts have held that the right to a bond hearing is not merely statutory, but constitutional: "When the Government detains an alien under Section 1226, the alien has due process rights, including a right to an individualized detention and a bond hearing." *Id.*; *see also, e.g.*, *Patel v. McShane*, No. 25-cv-5975, 2025 WL 3241212, at *2 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307, at *1 (E.D. Pa. Nov. 19, 2025); *Demirel*, 2025 WL 3218243, at *5; *Cantu-Cortes*, 2025 WL 3171639, at *2. Because ICE's mandatory detention of Petitioner without a bond hearing violates the INA and the Due Process Clause of the Fifth Amendment, habeas relief is warranted. 28 U.S.C. § 2241(c)(1), (3); *see also, e.g.*, *Kashranov*, 2025 WL 3188399, at *8.

For those reasons, it is **ORDERED** that the Petition is **GRANTED** as follows:

1.      Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

2.      The Government shall **RELEASE** Petitioner from custody immediately. Counsel shall certify compliance with this Order by filing on the docket no later than **5:00 p.m.** on **April 28, 2026**.

---

the Fifth and Eighth Circuit are not binding on this Court, and are, at most, persuasive authority. *See United States v. Maury*, 695 F.3d 227, 259 n.27 (3d Cir. 2012) ("Of course, the decisions of other circuits, while persuasive, are not binding on the district courts in this Circuit."). And, as the Court explained in *Vimos*, we are not persuaded by the Fifth Circuit's reasoning. *See* 2026 WL 381173, at *5 n.12; *see also, e.g.*, *Olimov v. Jamison*, 26-cv-532, 2026 WL 596155, at *3–4 (E.D. Pa. Mar. 3, 2026). Instead, the Court reaffirms its prior holdings that Section 1226 governs the detention of undocumented immigrants who are present in the United States and not *actively* seeking admission.

3.      The Government is temporarily enjoined from re-detaining Petitioner for seven days following his release from custody.

4.      If the Government pursues re-detention of Petitioner after that seven-day period, it must first provide him with a bond hearing, at which an immigration judge shall determine whether detention is warranted pending the resolution of Petitioner's removal proceedings.  Pending that bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed from the District.  Any such request must include an explanation for the request as well as the proposed destination. The Court will then determine whether to grant the request and permit transfer.

5.      The Clerk of Court shall mark this matter **CLOSED** upon receipt of the certification of Government counsel discussed above.

        **IT IS SO ORDERED.**

/s/*Karen Spencer Marston*
_____
KAREN SPENCER MARSTON, J.